**In re Lloyd and Sandra KING, Debtors.**

**Bankruptcy No. 96–13801.**

United States Bankruptcy Court,
W.D. Tennessee,
Eastern Division.

Oct. 28, 1997.

Robert B. Vandiver, Jr., Jackson, TN, for Debtors.

R. Bradley Sigler, Jackson, TN, for Vanderbilt Mortgage.

William L. Guy, Jackson, TN, Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER RE MOTION TO REOPEN AND MOTION TO RECONSIDER ORDER LIFTING STAY AS TO VANDERBILT MORTGAGE

G. HARVEY BOSWELL, Bankruptcy Judge.

The debtors in this case, Lloyd and Sandra King, filed a Motion to Reopen their Chapter 13 case and a Motion to Reconsider the Order Lifting Stay as to Vanderbilt Mortgage. The Court conducted a hearing on these matters October 9, 1997. FED. R. BANKR. P. 9014. Pursuant to 28 U.S.C. § 157(b)(2), determination of these matters is a core proceeding. After reviewing the testimony from the hearing and the record as a whole, the Court makes the following find-

ings of facts and conclusions of law. FED. R. BANKR. P. 7052.

## I. FINDINGS OF FACT

The debtors in this case, Lloyd and Sandra King ("Kings"), originally filed their chapter 13 petition on November 8, 1996. In their chapter 13 plan filed the same day, the Kings proposed to make their on-going monthly mortgage payments of $353.00 to Vanderbilt Mortgage outside of the plan. Despite this professed intention, the Kings were unsuccessful in faithfully and regularly making these payments on their 1995 Clayton mobile home while in bankruptcy. No payments were made on the mortgage in December 1996, April 1997, May 1997, June 1997, or July 1997. Two partial payments of $164.00 each were made in March 1997 and April 1997.

In addition, although the Kings' plan stated that they were to make the monthly payments to Vanderbilt outside the plan, Sandra King sent those monthly payments that were made to the Chapter 13 Trustee's office in lieu of sending them to Vanderbilt. Unaware of Sandra Kings' intent that these checks be sent to Vanderbilt and being unable to make payments except as provided for in the confirmed plan, the Chapter 13 Trustee's office disbursed the money to the Kings' unsecured creditors on a pro rata basis. Consequently, Vanderbilt did not receive any portion of the money the Kings actually did remit.

As a result of this poor payment history, Vanderbilt Mortgage filed a motion to lift the automatic stay on April 21, 1997. Vanderbilt's motion was granted on June 26, 1997. Shortly thereafter, on July 14, 1997, the Kings filed an order voluntarily dismissing their chapter 13 case. On July 18, 1997, this Court issued an order discharging the chapter 13 trustee and closing the instant case.

Despite the prohibitions of 11 U.S.C. § 109(g)[1], the Kings filed another chapter 13 case on July 11, 1997, case number 97–12531.[2] As a result of this violation of § 109,

---

1. Section 109(g) prohibits debtors who voluntarily dismiss their case after the automatic stay has been lifted from re-filing another bankruptcy case for a period of 180 days.

2. According to the file-stamp date on the Kings' second bankruptcy petition, the Kings' second bankruptcy case was actually filed three days prior to the original case being voluntarily dismissed. Although this is a clear violation of the

Vanderbilt filed a motion to dismiss the Kings' second bankruptcy case on July 30, 1997. On October 9, 1997, the Court granted such motion and dismissed case no. 97–12531 with prejudice.

Because the Kings were foreclosed from filing a new bankruptcy case for at least six months, they filed the instant motion seeking to have their previously dismissed case reopened and the order lifting the stay as to Vanderbilt set aside. At the hearing on these motions, Vanderbilt vehemently objected to the prospect of reactivating the Kings' chapter 13 case. The Kings still have not made any payments to Vanderbilt since July 1997. The current arrearage on the Kings' account is approximately $4,000.00. Sandra King testified at the hearing on these motions that neither she nor her husband has the money to cure this arrearage. Their only proposal for remitting this past-due money is to make monthly payments to Vanderbilt under the current chapter 13 case.

## II. CONCLUSIONS OF LAW

■ The debtors in this case have filed a motion to reopen their previously-dismissed chapter 13 case. Section 350(b) of Title 11 of the United States Code allows a court to reopen a case which was closed "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); FED. R. BANKR. P. 5010. Although the Court did issue an order discharging the trustee and closing the instant case, it did so only after the Kings filed an order voluntarily dismissing their chapter 13 petition. Under current caselaw, only those cases which are closed after being fully administered are entitled to being reopened under § 350(b). As the 9th Circuit Court of Appeals recognized in the case of *In re Income Property Builders. Inc.*, a case which is dismissed is fundamentally different from a case which is closed:

11 U.S.C. § 349, treating the effects of a bankruptcy, obviously contemplates that on dismissal a bankrupt is reinvested with the estate, subject to all encumbrances which existed prior to bankruptcy. After an order of dismissal, the debtor's debts

and property are subject to the general laws, unaffected by bankruptcy concepts. After dismissal a debtor may file another petition for bankruptcy unless the initial petition was dismissed with prejudice.

On the other hand, a bankruptcy is normally closed after the bankruptcy proceedings are completed. At that time the debts of the bankrupt are usually discharged and the proceeds of debtor's non-exempt assets divided among creditors. A bankruptcy is reopened under 11 U.S.C. § 350(b), not to restore the prebankruptcy status, but to continue the bankruptcy proceeding. The word "reopened" used in Section 350(b) obviously relates to the word "closed" used in the same section. In our opinion a case cannot be reopened unless it has been closed. An order dismissing a bankruptcy case accomplishes a completely different result than an order closing it would and is not an order closing. (Citations omitted).

*Armel Laminates, Inc, v. Lomas & Nettleton Co. (In re Income Property Builders, Inc.)*, 699 F.2d 963, 965 (9th Cir.1982). As the 9th Circuit's reasoning clearly points out, a case which is dismissed is not one which is fully administered and, thus, may not be reopened under § 350(b).

■ Although the Kings' case may not be "reopened" under § 350(b), the order of dismissal may be set aside pursuant to FED. R. BANKR. P. 9024. This rule incorporates Fed. R.Civ.P. 60 and provides that a party may receive relief from a "final judgment, order or proceeding" for several reasons, including:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment

Bankruptcy Code, the Court assumes, for purposes of this opinion only, that this overlap in the

pendency of the two cases was the result of administrative oversight.

upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,

(6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b)(1)–(6). Because none of the grounds in the first five subsections of Rule 60(b) has been alleged by the debtors nor proven at the hearing, the only subsection under which the Kings may succeed in having their order of dismissal set aside is subsection (b)(6).

In addressing what type of case is proper for rule 60(b)(6) relief, the United States Supreme Court has held that only those situations involving "extraordinary circumstances" will be granted such relief *Ackermann v. U.S.*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). The Sixth Circuit has been strict in applying this "extraordinary circumstances" test to Rule 60(b)(6) motions:

> We have held that Rule 60(b)(6) should apply "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." …Courts, however, must apply ·subsection (b)(6) only "as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present."

*Olle v. Henry & Wright* Corp., 910 F.2d 357, 365 (6th Cir.1990) (citations omitted); *See also Mallory v. Eyrich,* 922 F.2d 1273, 1280 (6th Cir.1991); *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989); *Pierce v. United Mine Workers,* 770 F.2d 449, 451 (6th Cir.1985), cert. denied, 474 U.S. 1104, 106 S.Ct. 890, 88 L.Ed.2d 925 (1986). These cases are unanimous in holding that something above and beyond those situations enumerated in Rule 60(b) must exist before a party may be successful in having their judgment set aside under the catch-all provision of subsection (b)(6).

In the case at bar, the Kings simply have not proven or alleged anything which satisfies 60(b)(1)–(5), let alone subsection (b)(6). No fraud or mistake has been asserted, nor has any newly discovered evidence been presented to this court which would make the setting aside of the order of dismissal in this case appropriate. The Kings are simply trying to employ the bankruptcy system to avoid paying a home mortgage. This type of behavior is totally unacceptable in this Court and is completely reprehensible. No matter what financial circumstances a person might find him or herself in, one cannot expect to continue living in a privately-owned home for free.

If the Kings had more earnestly tried to make their monthly payments, or even a portion thereof, this Court might be able to have some sympathy for their present situation. However, the Kings have made a total of two complete payments out of twelve in the last year. To put it simply, the Kings chose not to pay their home mortgage. To make the situation worse, the Kings have not demonstrated any concern for curing the home mortgage arrearage, which now totals approximately $4000.00. They simply wish to "make-up" for this significant sum of past-due money by paying Vanderbilt a little "extra" each month. The Kings were not able to make the monthly mortgage payment to Vanderbilt while this case was active prior to being dismissed, therefore, the Court finds little credence in the Kings' promise to pay Vanderbilt an extra sum each month. Based on this lack of concern for curing the arrearage and the lackluster effort demonstrated by the Kings in regards to paying the mortgage previously, the Court does not find the "extraordinary circumstances" the Supreme Court requires for Rule 60(b)(6) relief. As a result, the order dismissing the debtors' case will not be set aside. Additionally, the debtors' motion to set aside the order lifting the stay as to Vanderbilt is not a proper one for this Court to consider given the Court's denial of reinstatement.

### III. ORDER

It is therefore **ORDERED** that the Debtors' Motion to Reopen their Chapter 13 case, case number 96–13801, is DENIED.

It is **FURTHER ORDERED** that the Debtor's Motion to Reconsider the Order

Lifting Stay as to Vanderbilt Mortgage is DENIED.

**IT IS SO ORDERED.**