In re James Douglas LOPER, Debtor.

C/A No. 10–07110–DD.

United States Bankruptcy Court,
D. South Carolina.

April 7, 2011.

Jane S. Ruschky, Moss & Associates, Columbia, SC, for Debtor.

1. 692 F.2d 968, 972 (4th Cir.1982) (listing eight factors a court can use to analyze

## ORDER DENYING MOTION TO RECONSIDER

DAVID R. DUNCAN, Bankruptcy Judge.

This matter is before the Court on James Douglas Loper's ("Debtor") Motion to Reconsider Dismissal of Case ("Motion") filed March 17, 2011. On Debtor's request, the Court heard the Motion on an expedited basis. A hearing was held on Debtor's Motion on March 28, 2011. Based on the findings of fact and conclusions of law stated on the record at the hearing and further set forth in detail below, Debtor's Motion is denied and Debtor's chapter 13 case will not be reinstated.

### *FINDINGS OF FACT*

Debtor filed his current chapter 13 case on October 1, 2010, and his chapter 13 plan was confirmed on January 20, 2011. On February 2, 2011, the chapter 13 trustee filed a petition to dismiss Debtor's case for non-payment, and the Court entered an order dismissing Debtor's case on March 11, 2011. Debtor filed his Motion on March 17, 2011.

Debtor has two previous bankruptcy cases. His first case, case no. 99–04602–jd, was filed on May 28, 1999 and dismissed on January 31, 2000 for failure to make required plan payments. Debtor's second case, case no. 08–03646–jw, was filed on June 20, 2008 and dismissed on February 18, 2009. In his Order dismissing that case, Judge Waites found that Debtor's case was filed in bad faith because Debtor failed to disclose a material asset on his bankruptcy schedules. Judge Waites stated:

Examining all of the [*Deans v. O'Donnell*]¹ factors and the totality of the

whether a debtor's plan is proposed in good faith).

circumstances in this case, there appears to be cause to dismiss or convert the case. As argued by the Trustee in meeting his burden of proof in the Motion, Debtor's failure to honestly represent the status of his assets and transfers weighs heavy in this analysis.... Furthermore, notwithstanding Debtor's efforts to increase the distribution to unsecured creditors and confirm an amended plan, Debtor's amended plan is not feasible under his sworn schedules and Debtor has offered no evidence that he can confirm a plan in this case. Debtor's failure to credibly explain his failure to disclose a material asset did not meet his burden of proof in response to the evidence weighing against him. Therefore, it appears cause exists for the dismissal or conversion of this case.

*In re Loper,* No. 08–03646–JW, at 6, 7 (Bankr.D.S.C. Feb. 18, 2009) (internal citations omitted).

Ada Marie Yarbourough, Debtor's ex-wife, testified at the March 28 hearing. She stated that she was married to Debtor in 1982 and divorced from Debtor in 1996. She claimed that Debtor abused the bankruptcy system and that Debtor's bankruptcies were filed in attempts to avoid being held in contempt of court for failure to fulfill a domestic support obligation Debtor owed to her. Debtor's Schedule F in the present case lists a debt owed to Ms. Yarbourough arising from a 1996 property settlement in the amount of $74,378.44. Ms. Yarbourough testified that the home she and Debtor jointly owned had been foreclosed due to Debtor's failure to make payments on it as ordered by the Family Court. She further stated that a creditor with a lien on the former marital home had obtained a judgment against her and that the judgment was a lien on her current personal residence.

Debtor claims that the dismissal in the present case was due simply to a mistake and that he did everything within his control to prevent his case from being dismissed. Debtor states that he obtained three money orders to send to the chapter 13 trustee in order to catch up his plan payments, then took these money orders to his attorney's office, who inadvertently mailed them to an incorrect address. Debtor apparently had the funds to bring his case current with him at the March 28 hearing.

## CONCLUSIONS OF LAW

Motions to reconsider dismissal of chapter 13 bankruptcy cases are frequently filed in this District. These motions rarely draw an objection, and are routinely granted if the debtor cures the problem that led to dismissal, which is often the failure to make plan payments. Bankruptcy Judges are authorized to reconsider dismissal under Federal Rule of Bankruptcy Procedure 9024. Fed. R. Bankr.P. 9024; *In re Singleton,* 358 B.R. 253, 258 (D.S.C.2006). There is a distinction between reopening closed cases pursuant to 11 U.S.C. § 350 and reconsidering an order for dismissal. *See id.* at 258–59. Debtor's case was dismissed. Rule 9024 provides that Rule 60 of the Federal Rules of Civil Procedure applies in cases under the Bankruptcy Code, with certain exceptions not applicable here. Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

In the Fourth Circuit, before considering the grounds for relief from an order of dismissal, courts must first make a threshold determination of " 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.' " *Huennekens v. Reczek,* 43 Fed.Appx. 562, 567 (4th Cir.2002) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4th Cir.1993)). Courts have stated that if there is uncertainty regarding whether to grant relief under Rule 60(b), the matter should be resolved in favor of the movant, but only if the movant bears no fault for the dismissal and sanctions less severe than dismissal are available to remedy the error that led to dismissal. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 811–12 (4th Cir.1988) (discussing *United States v. Moradi,* 673 F.2d 725 (4th Cir.1982)). This liberal view of discretionary relief (at least in the case of default judgments where it is most often applied) rests in the preference for trials on the merits and is not applicable here.

Debtor has not made the threshold showing. Debtor filed his Motion six days after his case was dismissed; thus, it appears that Debtor's request for Rule 60(b) relief was timely and Debtor meets the first requirement. However, Debtor cannot meet the other elements. While there is no "opposing party" in a bankruptcy

case, Ms. Yarbourough, as well as Debtor's other creditors, would certainly be prejudiced by the reinstatement of Debtor's case. Ms. Yarbourough indicated that she has been attempting to satisfy the parties' 1996 property settlement for several years, but her efforts have been thwarted by Debtor's numerous strategic bankruptcy filings. In Debtor's former case, Judge Waites found, "[C]onversion [of Debtor's case rather than dismissal] would further delay [Ms. Yarbourough's] collection efforts and attempt to obtain Debtor's compliance with a state court order." *Loper,* No. 08–03646–JW, at 7 (Bankr. D.S.C. Feb. 18, 2009). A Family Court hearing involving these parties was scheduled for April 2, 2011 and was the motivating factor for Debtor's Motion. If Debtor's case is reinstated, the Family Court action will be stayed.

Debtor also has not shown exceptional circumstances meriting reconsideration of the dismissal. Debtor indicated that it is crucial his bankruptcy case be reinstated so that he not be held in contempt of court by the family court. Debtor has previously filed bankruptcy cases which failed. Once his case was dismissed for bad faith, and twice he has failed to make payments required by a confirmed plan. Ms. Yarbourough has been attempting to enforce a 1996 property settlement for many years. Debtor's desire to further avoid this obligation does not constitute exceptional circumstances.

While it is unnecessary for the Court to consider whether Debtor meets any of the criteria set forth in Rule 60(b) due to the finding that the threshold test has not been met, the Court notes that Debtor is not entitled to relief under any subsection of Rule 60(b). Debtor relies on Rule 60(b)(1), simply stating that his attorney made a mistake in sending his payments to the wrong address and therefore he is

entitled to relief from the Order dismissing his case. Debtor claims that the dismissal of his case was entirely the fault of his attorney and occurred through no fault of his own.

Courts differ in their treatment of situations where an attorney's negligence has caused a case to be resolved against his client. Some decisions in this Circuit provide that the negligence or incompetence of an attorney can qualify under Rule 60(b)(1) as "mistake" or "excusable neglect." *Augusta Fiberglass Coatings*, 843 F.2d at 811 (considering request to vacate default judgment and finding that relief should be granted because entry of default judgment was the result of error made solely by defendant's counsel). *See also Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 95 (4th Cir.1997) (stating that a default judgment should be set aside where an attorney is solely at fault, but finding that a bankruptcy trustee is not the bankruptcy estate or creditor's lawyer, and therefore "[h]is fault is tantamount to the fault of a party"); *Dent v. Montgomery County Police Dept.*, No. 08–0886, 2011 WL 232034, at *2, n. 2 (D.Md.2011 Jan. 24, 2011) (discussing rule that "clients must be held accountable for the acts and omissions of their attorneys" and stating that "[i]t bears noting that courts have not followed this practice where the errors or neglect of an attorney result, or would result, in a final, involuntary termination of proceedings"); *Charter Commc'ns VI, LLC v. Eleazer*, No. 5:04–1204, 2010 WL 2509841, at *3 (S.D.W.Va. June 18, 2010) (considering motion to set aside default judgment and finding that motion should be denied because defendant-movant was partially at fault).

In other circumstances, courts hold that ignorance, carelessness, or negligence on the part of an attorney does not constitute "mistake" or "excuseable neglect" under Rule 60(b). *See Robinson v. Wix Filtration Corp., LLC,* 599 F.3d 403, 413 (4th Cir.2010) (considering motion for relief from summary judgment and finding that relief was not warranted based on attorney's deliberate failure to correct problems with his email system); *Evans v. United Life & Acc. Ins. Co.*, 871 F.2d 466, 472 (4th Cir.1989) (considering a Rule 60(b) motion after trial, based on attorney's admission that he "overlooked a [ ] statute he believed supported a larger interest award" and stating, "[A] lawyer's ignorance or carelessness do not present cognizable grounds for relief under 60(b).... it was within [the district court's] discretion to deny the motion based on Mrs. Evans' counsel's laxity in not identifying the statutes earlier."); *Maryland Liability Company v. Shepard (In re Shepard)*, No. 09–17489, Adv. No. 09–00693, 2011 WL 1045081, at *13 (Bankr.D.Md. Mar.16, 2011) (considering plaintiff's request to revoke defendant's discharge under Rule 60(b) because plaintiff had missed the deadline to object to discharge and finding, for several reasons including partial fault of the plaintiff, that such relief should not be granted). While reconciling these cases is somewhat difficult, it appears that one main difference between these sets of cases is whether the attorney's actions caused the party's case to be dismissed or disposed of other than on the merits. As indicated above, those cases stating that an attorney's actions can qualify under Rule 60(b) involve default judgments, while those cases holding parties accountable for their attorneys' actions appear to relate mainly to mistakes made during the course of litigation which ultimately ended in a decision on the merits. *See Dent*, 2011 WL 232034, at *2, n. 2 (D.Md.2011 Jan. 24, 2011) (discussing rule that "clients must be held accountable for the acts and omissions of their attorneys" and stating that "[i]t bears noting that courts have not followed this practice where the errors or neglect of

an attorney result, or would result, in a final, involuntary termination of proceedings").

Despite these differences, courts generally recognize that if a party is at fault, he himself must make an adequate showing under Rule 60(b) in order to be granted relief. *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir.1997). In Debtor's case, while Debtor's attorney is partially at fault for the dismissal of Debtor's case, Debtor is certainly not blameless. The chapter 13 trustee filed a petition to dismiss for non-payment on February 2, 2011, indicating that Debtor was behind on payments. No response was filed to the trustee's petition to dismiss, and Debtor did not otherwise contact the trustee. Debtor's Motion states that he did not attempt to send payments to the trustee until February 18, 2011. At that point, Debtor had missed three payments. Additionally, Debtor apparently took the payments to his attorney's office instead of mailing them himself because he lost the address the trustee had provided. Debtor was culpable in the dismissal of his case.

In sum, Debtor does not meet the threshold requirement for Rule 60(b) relief, and he is not entitled to relief under any subsection of Rule 60(b).[2] Debtor's Motion is denied.

AND IT IS SO ORDERED.

---

2. The Court notes that the Fourth Circuit has stated, "if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under [Federal Rule of Civil Procedure] 59(e), however it may be formally styled." *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir.1978). The Rule 59(e) standard states that there are only three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993). Considering Debtor's Motion under this standard, the Court reaches the same result. Debtor cannot show one of these three grounds is applicable here. Under a Rule 59(e) analysis, Debtor's Motion is denied.