
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ERIC CHRISTOPHER DUTRA,<br><br>          Debtor. | BAP No. SC-20-1267-LGH<br><br>Bk. No. 20-bk-01239-LA13 |
| ERIC CHRISTOPHER DUTRA,<br>          Appellant,<br>v.<br>WELLS FARGO BANK, N.A., c/o BDFTW;<br>ANGELICA FRANCIS TRUST, MARK<br>WINKLER, Trustee,<br>          Appellees. | **MEMORANDUM\*** |

Appeal from the United States Bankruptcy Court
for the Southern District of California
Louise DeCarl Adler, Bankruptcy Judge, Presiding

Before: LAFFERTY, GAN, and HESTON,[1] Bankruptcy Judges.

---

    \* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

    [1] Hon. Mary Jo Heston, United States Bankruptcy Judge for the Western District of Washington, sitting by designation.

1

## INTRODUCTION

Eric Dutra ("Debtor") appeals the bankruptcy court's denial of his motion to reopen his chapter 13[2] case, vacate its dismissal, and reinstate the automatic stay *nunc pro tunc*.

We AFFIRM.

## FACTS[3]

Debtor filed a chapter 13 bankruptcy case (the "First Chapter 13") on March 3, 2020. At the time, he owned a residence in San Diego, California (the "Residence"), which was encumbered by a first deed of trust in favor of Wells Fargo Bank ("WFB") and a second deed of trust in favor of the Angelica Francis Trust (the "Francis Trust"). Debtor was behind in payments on the underlying obligations; the bankruptcy case was filed to stay foreclosure sales scheduled by both lenders for later in March 2020.

Debtor's proposed chapter 13 plan provided for regular monthly payments and the arrears on WFB's loan but not the Francis Trust's loan. During the pendency of the chapter 13 case, Debtor made no plan payments, nor did he make any mortgage payments to WFB or the Francis Trust. He also lacked sufficient income to propose a feasible plan,

---

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[3] Where necessary, we have exercised our discretion to take judicial notice of the dockets and imaged papers filed in Debtor's bankruptcy cases. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

apparently due to the COVID-19 shutdown. He voluntarily dismissed the First Chapter 13 three months after filing, on June 9, 2020.

The Francis Trust conducted its foreclosure sale the following day. Two days later, it caused to be recorded a Trustee's Deed Upon Sale transferring title to the Francis Trust. The Francis Trust also paid off the obligation to WFB.

Debtor filed a new chapter 13 case on June 17, 2020 (Bk. No. 20-03101) (the "Second Chapter 13"). Debtor filed a motion to extend the automatic stay, and the Francis Trust moved for relief from stay. The bankruptcy court denied Debtor's motion to extend the stay, finding that the Second Chapter 13 had not been filed in good faith; the court also granted the Francis Trust's motion for relief from stay. On October 9, 2020, the Second Chapter 13 was dismissed on motion of the chapter 13 trustee.

On October 2, 2020, after the bankruptcy court had announced its decision on the motion to dismiss the Second Chapter 13 but before entry of the dismissal order, Debtor, through new counsel, filed a motion to reopen the First Chapter 13, vacate the dismissal, and reinstate the automatic stay *nunc pro tunc*. He invoked Civil Rule 60(b)(6), applicable via Rule 9024, and argued that extraordinary circumstances justified the relief requested. According to Debtor's supporting declaration, he had dismissed the case at the urging of his previous counsel, Julian McMillan. Debtor stated that Mr. McMillan had advised him that dismissal was his best option because Debtor had not made any post-petition payments, and the

3

automatic stay would be lifted. Debtor also stated that Mr. McMillan had represented that the Residence was protected under California's moratorium laws, which prevented foreclosure, and he would file a second bankruptcy petition before the Francis Trust foreclosed. But Mr. McMillan became ill in May, and his condition worsened in June, delaying the filing of the Second Chapter 13.

Debtor argued that Mr. McMillan had given him bad advice because, at the time of the dismissal, Debtor's income was increasing and there were no pending motions to dismiss or for relief from stay. Debtor also noted that Mr. McMillan had misstated the effect of California's moratorium laws. Finally, Debtor argued that Mr. McMillan had "virtually abandoned" him after dismissal of the First Chapter 13 due to his illness. Based on these circumstances, and Debtor's assertion that he was now in a position to cure all arrearages and propose a confirmable plan, Debtor argued that the bankruptcy court should reopen the First Chapter 13 and reinstate the automatic stay *nunc pro tunc*.

The motion was opposed by the chapter 13 trustee ("Trustee"), WFB, and the Francis Trust. Trustee argued the automatic stay could not be reinstated and thus reopening the case would be of no benefit to Debtor. WFB pointed out that its loan had been paid off and asked that if the case were reinstated that the stay not be imposed against WFB. The Francis Trust pointed out that it had paid off WFB, and, after being granted relief from stay in the Second Chapter 13, it had obtained a judgment for

4

possession of the Residence; thus, relief should be denied because it had substantially changed its position in reliance on the dismissal of the First Chapter 13.

After a hearing, the bankruptcy court issued an order denying the relief requested. Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion in denying the motion to reopen?

Did the bankruptcy court abuse its discretion in denying the motion to vacate dismissal and reinstate the automatic stay?

## STANDARDS OF REVIEW

The denial of a motion to reopen is reviewed for abuse of discretion, *see Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 915 (9th Cir. BAP 1999), as is the denial of a motion to vacate dismissal under Civil Rule 60(b). *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 866 (9th Cir. BAP 2004).

To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible, or "without support in inferences that

5

may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

## DISCUSSION

**A.    The bankruptcy court did not abuse its discretion in denying the motion to reopen.**

A bankruptcy court may reopen a closed bankruptcy case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350. Reopening a closed bankruptcy case "is a ministerial act that functions primarily to enable the file to be managed by the clerk as an active matter and that, by itself, lacks independent legal significance and determines nothing with respect to the merits of the case." *In Re Menk*, 241 B.R. at 913. Although it is ordinarily inappropriate to consider the merits of an underlying motion for relief when ruling on a motion to reopen, when the undisputed facts in the record unequivocally establish that reopening the case would be futile, the bankruptcy court may deny the motion to reopen on that basis. *Copeland v. Levene, Neale, Bender, Yoo & Brill, LLP (In re Copeland)*, BAP No. CC–16–1343–LTaKu, 2017 WL 2843305, at *3 (9th Cir. BAP July 3, 2017) (citing *Beezley v. Cal. Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1437 (9th Cir. 1993)).

The bankruptcy court denied the motion to reopen, among other things, "because the case was never closed." This statement was not accurate; according to the bankruptcy court docket, the case was closed on August 3, 2020. *See* Bk. Case No. 20-bk-01239, Dkt. No. 27. But this was

6

harmless error; as discussed below, the bankruptcy court correctly found that there were no grounds upon which it could grant the relief requested.

**B.    The bankruptcy court did not abuse its discretion in denying the motion to vacate dismissal and reinstate the automatic stay *nunc pro tunc*.**

Civil Rule 60(b) authorizes a court to grant relief from a final judgment or order on various grounds, including "any other reason that justifies relief." Although Civil Rule 60(b)(6) is to be liberally applied to accomplish justice, it "should be used sparingly as an equitable remedy to prevent manifest injustice" and "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 941 (9th Cir. 2007) (citations and internal quotations omitted). In addition, the moving party must show that no intervening rights have become vested in reliance on the order or judgment. *See Hasso v. Mozsgai (In re La Sierra Fin. Servs., Inc.)*, 290 B.R. 718, 731 (9th Cir. BAP 2002) ("A bankruptcy court always has the power to reconsider, modify or vacate its previous orders so long as no intervening rights have become vested in reliance on the orders. Such power is now exercised under Rule 60(b)." (citations and internal quotations omitted)).

The bankruptcy court found no extraordinary circumstances justifying relief from the dismissal order. It found that: (1) it had no authority to reinstate the automatic stay retroactive to the petition date in

order to avoid a lawful foreclosure sale that occurred after the case was dismissed; (2) Debtor had not demonstrated he could propose a feasible plan, in part because his budget was unrealistic, i.e., $100 per month for food/clothing/personal expenses, nothing for medical or dental expenses, and $50 for transportation; and (3) it would not reinstate the First Chapter 13 to permit Debtor to circumvent the order entered in his Second Chapter 13 denying his motion to extend the stay.

On appeal, Debtor simply restates the arguments he made to the bankruptcy court, including additional facts that were not in the record and that we have therefore not considered in disposing of this appeal. Debtor does not explain how the bankruptcy court abused its discretion in denying relief, nor does he cite any authority supporting the conclusion that the court could have granted the requested relief. During the time between dismissal of the First Chapter 13 and the filing of the Second Chapter 13, the Francis Trust foreclosed on its junior deed of trust and paid off the first deed of trust on the Residence. As such, the Francis Trust's rights became vested in reliance on the dismissal order. A bankruptcy court may not retroactively reinstate the automatic stay to invalidate a foreclosure sale that has already occurred. *Singleton v. Countrywide Home Loans, Inc. (In re Singleton)*, 358 B.R. 253, 260–61 (D.S.C. 2006); *Nicholson v. Nagel (In re Nagel)*, 245 B.R. 657, 662 (D. Ariz. 1999). *See also Sewell v. MGF Funding, Inc. (In re Sewell)*, 345 B.R. 174, 180 (9th Cir. BAP 2006) (noting that most reported decisions reimpose the automatic stay only prospectively).

**CONCLUSION**

Based on the foregoing, the bankruptcy court did not abuse its discretion in denying the requested relief. Accordingly, we AFFIRM.